*J. Pettit* and *S. A. Huff,* for the appellees.

---

## THE STATE *v.* SHIELDS.

An indictment against a supervisor of highways alleged that the defendant, on, &c., at, &c., having then and there collected a certain fine of one *L.*, unlawfully and corruptly failed to make return thereof, or to expend the same, or to pay the same over to the party entitled to receive it, against the statute, &c. *Held,* that no offence was charged in the indictment.

A count in an indictment charging three offences is bad for duplicity.

May Term, 1846.

THE STATE v. SHIELDS.

Wednesday, July 15.

ERROR to the *Carroll* Circuit Court.

DEWEY, J.—This was an indictment which charged that *John T. Shields*, the defendant in error, on the first day of *April*, 1844, at, &c., "being then and there supervisor of highways in district," &c., and having then and there, "by virtue of his office, and as such supervisor as aforesaid, collected the sum of ten dollars from *Lewis Lenon*, as a fine on the said *Lenon*, on the docket of *John W. Corie*, a justice of the peace of said township and county, unlawfully and corruptly failed to make return thereof, or to expend the same, or to pay the same over to the party entitled by law to receive the same," against the statute, &c. On the motion of the defendant, the Court quashed the indictment.

The statute, among other things, makes it the duty of a supervisor of highways to collect all fines and commutation money due to his district, and to expend the same for the use of roads and bridges within his district, or in the purchase of implements necessary in repairing highways; to return an account of the money by him collected and expended to the county auditor on the first *Monday* in *May* after the appointment of such supervisor; and pay over to his successor all moneys not expended. And if the supervisor "shall fail to collect, expend, or pay over" such 'fines, &c., or to make return of the "money collected, as above required, he shall for each offence" be liable to be indicted, &c. R. S. 1843, pp. 336, 7, 8, sects. 79, 84, 91, 92.

It is evident that the indictment does not show a violation of any of the above specified duties of a supervisor. The defendant is charged with having collected, on the 1st of *April*, 1844, a fine of ten dollars, and with having failed, on the same day, to make a return of it. If he *did so fail*, it was no violation of his duty to return an account of the money, on the first *Monday* of *May* after his appointment, to the county auditor; nor does the allegation, that he failed to expend the money on the same day on which he received it (and such is the charge in the indictment), show that he did not legally expend it during his continuance in office. And his failing to pay over the money (allowing it to be unexpended) on the day on which he received it, and while he was yet in office

(so runs the indictment), did not infringe the provision of the statute that he should pay it to his successor.

Had the indictment really charged the defendant with having collected a fine, of which he failed to make return to the auditor as required by the statute; which he failed to expend on the roads, or in necessary implements, during his continuance in office; and which he failed, afterwards, to pay over to his successor; three distinct violations of the statute would have been shown; and the indictment, containing but one count, would have been bad for duplicity.

*Per Curiam.*—The judgment is affirmed.

*W. Z. Stuart* and *John H. Bradley*, for the state.

*D. D. Pratt* and *H. P. Biddle*, for the defendant.