### UNITED STATES v. CADWALLADER.

(District Court, W. D. Wisconsin. December 7, 1893.)

NATIONAL BANKS—OFFENSES OF OFFICERS, ETC.—INDICTMENT.

Embezzlement, abstraction, and willful misapplication of the moneys, funds, etc., of a national bank, as described in Rev. St. § 5209, constitute three separate crimes or offenses, which, under Id. § 1024, may be joined in one indictment, but must be stated in separate counts.

At Law. Indictment of A. A. Cadwallader for violating the national banking laws. Demurrer to certain counts for duplicity. Demurrers sustained.

Samuel A. Harper and J. J. Fruit, for the United States.
Spooner, Sanborn & Kerr, for defendant.

BUNN, District Judge.  The defendant was indicted under section 5209, Rev. St. U. S., which reads as follows:

"Every president, director, cashier, teller, clerk or agent of any association who embezzles, abstracts, or wilfully misapplies any of the moneys, funds, or credits of the association; or who, without authority from the directors, issues or puts in circulation any of the notes of the association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment or decree; or who makes any false entry in any book, report or statement of the association, with intent, in either case, to injure or defraud the association or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who with like intent aids or abets any officer, clerk or agent in any violation of this section, shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten."

The indictment contains ten counts, in each of which, except the first, the defendant is charged with having at various dates, and on and between various times specified, as president and one of the directors of the Superior National Bank at Superior, Wis., embezzled, abstracted, and willfully misapplied the moneys and funds of said bank.  In each of said counts are also set out the particular facts constituting such embezzlement, abstraction, and willful misapplication of the moneys of the bank.  The defendant has demurred to each of these counts for duplicity, on the ground that they, and each of them, charge three distinct offenses under the statute.  The question is whether the counts are liable to this objection.  And this, as a question of criminal pleading, independent of statute, would seem to turn upon a consideration of whether the statute describes only one offense or different and distinct offenses.  If the statute describes only different stages, degrees, or phases of one and the same offense, these degrees or phases may undoubtedly all be set forth and charged in the same count of the indictment; but if the statute defines different and distinct offenses, each requiring different proof to establish it, there can be little doubt that they should not be joined in the same count, though they may all, or any of them, be united in different counts in the same indictment.

There has been in this country and in England a very considerable relaxation of the common-law rule that there can be but a single offense charged in one indictment; and the line of departure and distinction has been between offenses of a high grade, such as were denominated "felonies" at common law, requiring either capital punishment or imprisonment for a term of years in the penitentiary, with or without hard labor, and those of a lower grade, denominated "misdemeanors," the punishment of which is by fine or imprisonment in the common jail, or both.  In the former class of cases there has never been much letting down from the strictness of the common-law rule that only one substantive offense could be charged in the same indictment, though differ-

ently set out in several counts, to meet the evidence. It has been considered greatly prejudicial to the defense of a prisoner to be .put upon trial at the same time for two distinct crimes of a high grade, such as murder, manslaughter, rape, arson, burglary, grand larceny or embezzlement. These were all felonies at common law, and I think there is no example or precedent by which a defendant has been or might be put upon trial for more than one crime in the same indictment. It would prejudice the prisoner in his defense, and lead to much confusion, if not injustice. Such has been the general rule of criminal pleading by the common law, both in England and in this country. The statutes, however, in England, and presumably in most of the states, have relaxed the rule, by allowing in misdemeanors and purely statutory offenses, two or more distinct offenses to be united by different counts in the same indictment, and putting the defendant upon trial for all at once. I do not know of any case, however, where the prosecution has been allowed to unite two or more distinct offenses in the same count of an indictment; and such a thing, if allowed, must necessarily lead to much confusion and embarrassment. How is the defendant to plead, and how are the jury to find their verdict? There is no precedent or practice for allowing a prisoner to plead guilty to one portion of a count and not guilty to another, or for the jury to find the defendant guilty under one part and not guilty under another part.

It is seen that by the section of the statute above quoted congress has said that the person offending in any or either of the ways prescribed shall be deemed guilty of a misdemeanor, but probably this fact should determine nothing in regard to the degree of strictness which the law would require in pleading, as the punishment prescribed—not less than five nor more than ten years' imprisonment—makes the offense an infamous one under the decisions of the United States supreme court, within the meaning of that provision of the constitution which says that no person shall be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a grand jury. Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935; Mackin v. U. S., 117 U. S. 348, 6 Sup. Ct. 777; Parkinson v. U. S., 121 U. S. 281, 7 Sup. Ct. 896; U. S. v. De Walt, 128 U. S. 393, 9 Sup. Ct. 111; In re Claasen, 140 U. S. 205, 11 Sup. Ct. 735. In one of these cases—that of Mackin v. U. S.—the usual distinction in this country made between felonies and misdemeanors, before referred to, is recognized by the United States supreme court in the following language, found on pages 352 and 353, 117 U. S., and on page 779, 6 Sup. Ct.:

"In most of the states and territories, by constitution or statute, all crimes, or at least statutory crimes, not capital, are classed as felonies or as misdemeanors, accordingly, as they are, or are not, punishable by imprisonment in the state's prison or penitentiary."

So that any offenses which are punishable by imprisonment for a term of years in the penitentiary, by these decisions are infamous crimes, and, according to the common classification, felonies, though our laws do not in general recognize the usual common-law

characterization of a felony as being a crime, a conviction for which induces a forfeiture of goods. While we have abolished forfeitures of goods as a punishment of crimes, we retain the principle of forfeiture of personal liberty, which may be quite as severe and degrading.

Upon a careful consideration of the statute, I am satisfied that it creates and defines several distinct offenses, probably not less than nine. It is true the punishment for each offense is the same, but that circumstance is not controlling in determining whether or not the offenses are one and the same, or distinct and several. If the evidence to establish one is of necessity entirely different from that which would be sufficient to establish another,—if the line of prosecution and defense would be wholly different,—then the offenses are not the same, but are distinct. And that this would be so seems quite clear. The proof to establish a case of willful misapplication of funds, or an abstraction of the moneys or funds of the bank, would be inadequate to make a case of embezzlement. The proofs to make out embezzlement of the moneys of the bank would not suffice to make a case of issuing, without authority, notes or bills of exchange or certificates of deposit, or of making false entries in the books of the bank. Embezzlement was a felony, at common law, of the same grade as larceny. 4 Bl. Comm. 231. That was when a servant fraudulently converted to his own use his master's goods, of the value of 40 shillings, not having the actual possession, but only the care and oversight, of the goods. By St. 21 Hen. VIII. c. 7, the offense was extended to all cases of fraudulent conversion by a servant of the master's goods of the value of 40 shillings. This statute was in force at the time of the settlement of our colonies, and so presumably became a part of the common law of this country. It was repealed in the time of George IV., and other statutes providing for banishment for 14 years or confinement for 3 years substituted. Under the law of congress in question, this offense of embezzlement is joined in the same section with various other distinct acts performed by the agent or officer of a banking association, which were not before indictable as crimes; and, though the statute denominates them all as misdemeanors, in the judgment of the court that is not at all decisive of the question as to the degree of strictness to be observed in criminal pleading. The statute calls them "misdemeanors," while one of the offenses described was clearly a felony at common law, punishable by forfeiture of goods and imprisonment, while to the commission of each a severe punishment is prescribed, which, by the decisions of the supreme court rendered since the passage of the act, are held to make them infamous crimes, which, according to the classification of crimes usually adopted in this country, and recognized by the supreme court, are also felonies, as involving imprisonment in the penitentiary for a term of years. The punishment of this offense defined by the statute is much more severe than that prescribed for manslaughter, which is imprisonment not exceeding three years, and a fine not exceeding $1,000.

But, aside from any question of how it might be adjudged at

common law, I cannot doubt that the question is practically and definitely settled by section 1024, Rev. St. U. S., which provides that—

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts."

The third clause of this provision, in the judgment of the court, precisely defines and covers this case; that is to say: "Where there are two or more acts or transactions of the same class of crimes or offenses." It was clearly competent for congress to prescribe such a rule of pleading for the courts of the United States, and the rule applies to prosecutions under the section in question; and this provision is but expressive and declaratory of the general rule of criminal pleading in this country. The rule at common law would require separate indictments for each offense. This statute, and the statutes in many of the states and in England, modify the common-law rule so far as, when the statute defines two or more acts or transactions of the same class of crimes or offenses, to allow them to be joined in the same indictment, but each offense to be charged in separate counts. There never was any rule in civil or criminal pleading for joining two or more causes of action in the same count. As said by the court in U. S. v. Sharp, Pet. C. C. 131:

"It is essential to justice that the grand jury should have it in their power to ignoramus any offense in the indictment which is not supported by evidence. But if two or more are thus blended together in one count, they must find the whole or ignoramus the whole; whereas, if they are arranged in different counts, they may find one a true bill, and ignoramus as to the other. How is the petty jury, in a case of this kind, to find their verdict? If they say the prisoners are guilty of part of the offense described in one count, and not guilty as to the others, they do not find them guilty 'in manner and form;' but where there are different counts they are the same as different indictments."

I know of no exceptions to this rule, especially in crimes working an infamous punishment. The apparent exceptions are where different phases or stages of the same offense are set out in the same count. This is always allowable. A familiar instance of this in this country is where, under the police regulations of a state, persons are prohibited from engaging in dealing in spirituous liquors without first taking out a license. In such case the defendant may be charged in the same count with selling, trafficking in, bartering, or giving away spirituous liquors. Here the substance of the offense is that of dealing in that business without a license, and the selling, bartering, or giving away are but different phases of the same offense. Clifford v. State, 29 Wis. 327. So the charge of murder includes a charge of manslaughter, which is a lesser stage of homicide; and the prisoner may be convicted of either under the same count. In State v. Smith, 61 Me. 386, the rule, and the reason for it, are laid down as follows:

"No rule of criminal pleading is better established than that which prohibits the joinder of two or more substantive offenses in the same count. A sub-

stantive offense is one which is complete in itself, and is not dependent upon another. Where several acts relate to the same transaction, and together constitute but one offense, they may be charged in the same count, but not otherwise. Each count in an indictment must stand or fall by itself. The jury cannot find a verdict of guilty as to one part and not guilty as to another part of the same count. This strictness of pleading is necessary, in order that the accused may not be in doubt as to the specific charge against which he is called to defend, and that the court may know what sentence to pronounce."

The same rule is laid down by the supreme court of Indiana in Knopf v. State, 84 Ind. 316; State v. Shields, 8 Blackf. 151; State v. McPherson, 9 Iowa, 53; Reed v. People, 1 Parker, Crim. R. 481, and many other cases. See Bish. Crim. Proc. § 432, and cases cited.

The demurrers to counts are sustained.