THE STATE v. HUFFMAN, *Appellant.*

Division Two, November 20, 1896.

1. **Criminal Law**: BURGLARY: PLEA OF FORMER ACQUITTAL: JURY TRIAL. Where defendant was acquitted on an indictment for burglary charged to have been committed on October 23, and on a trial on a different indictment for burglary charged to have been committed on October 24 he interposes a plea of former acquittal, he is entitled to a jury trial on such plea.

2. ⌐⎯⎯: ⎯⎯⎯: INDICTMENT: DUPLICITY. An indictment charging that defendant did feloniously break into and enter a dwelling house, etc., said dwelling house being then and there used and occupied as a warehouse, the same being a building in which goods, wares and merchandise and valuable things are kept for sale and deposit, *held*, bad for duplicity in that feloniously breaking into a dwelling house and into a warehouse are separate statutory offenses (R. S. 1889, secs. 3521 and 3526).

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*C. D. Jamison* and *J. J. Crites* for appellant.

(1) The plea of former acquittal raised an issue of fact on which defendant was entitled to a jury trial. *Com. v. Fredericks,* 155 Mass. 455; 2 Van Fleet, Former Adjudications, sec. 661; *Grisham v. State,* 19 Tex. App. 504; *Troy v. State,* 10 Tex. App. 319; Wharton's Crim. Law, p. 565; Cooley's Const. Lim. 328. (2) Parol evidence is admissible to prove the identity of the two offenses. *State v. Thornton,* 37 Mo. 376; *State v. Wister,* 62 Mo. 592; *State v. Snyder,* 98 Mo. 555; *State v. Heath,* 8 Mo. App. 99; *State v. Dunn,* 73 Mo. 586; *State v. Rugan,* 68 Mo. 214; *State v. Small,* 31 Mo. 197; 1 Bish. Crim. Ev., sec. 821; 2 Am. and Eng. Ency. of Law, p. 969, sec. 4; *Buhler v. State,* 64 Ga. 504; *Grant v. People,* 4 Park (N. Y.), C. R. 527. (3) Revised Statutes, 1889, sections 3521 and 3526 define crimes constituting different offenses. Their necessary elements can not be intermingled in evidence, nor can the material parts of one be supplied from the other. The defendant is charged with breaking into and entering a dwelling house with the intent to commit a felony in a warehouse. The indictment is bad for duplicity.

*R. F. Walker*, attorney general, *J. B. Harrison*, and *Thos. M. Jones*, prosecuting attorney, for the state.

(1)   The plea of former jeopardy was a matter to be tried by the court.   (2) The sufficiency of the plea was voluntarily submitted to the court, and if the defendant was not bound by this finding of the court, then he unquestionably had the right to set up the whole matter as one of his defenses upon the trial and could have offered evidence in support of his plea in bar on the trial proper.   Kelley's Criminal Law and Practice [2 Ed.], sec. 224, cases cited; *State v. Dunn*, 73 Mo. 586; *State v. Wister*, 62 Mo. 592.   (3)   The indictment is sufficient.

BURGESS, J.—At the March term, 1895, of the circuit court of Phelps county two indictments were returned by the grand jury against defendant, charging him with burglary and larceny, each indictment charging him with a separate and distinct offense committed on different days.   The indictments differ only in this, one of them charged the burglary and larceny to have been committed on the twenty-third day of October, 1893, and the theft of three bushels of wheat, and the other that the burglary and larceny were committed on the twenty-fifth day of October, 1893, and the theft of two bushels of wheat.

The indictments charged the building which was burglarized to be "the dwelling house of J. M. Lenox, * * * the said dwelling house being then and there occupied by the said J. M. Lenox as a warehouse, the same being a building in which divers goods, wares and merchandise and valuable things were then and there kept for sale and deposited," etc.

At the September term, 1895, of said court defend-

ant was tried on the indictment first named and acquitted. He then filed his plea in bar to the indictment in this case in which he alleged that the same evidence was adduced upon the trial of the first case, that would be necessary upon the trial of this; that he had once been but in jeopardy, tried and acquitted of the offense with which he was now charged, and that the judgment of acquittal was a bar to this prosecution.

The issues on the plea in bar were submitted to the court, a jury not being asked for. After hearing the evidence on the plea in bar it was stricken out, by the court, and to this ruling defendant excepted at the time.

Thereafter, on September 23, 1895, defendant filed his motion to quash the indictment, assigning as grounds therefor the following: *First.* Because two different degrees of burglary are charged in the same count in the indictment. *Second.* Because the defendant is not informed by the indictment of the nature of the offense charged against him.

The motion was overruled, and, to the action of the court in overruling the motion, defendant duly excepted.

On the twenty-fourth day of September, 1895, the trial of said cause was had to a jury, who found the defendant guilty of burglary as charged, and fixed his punishment at two years' imprisonment in the penitentiary. He thereupon perfected his appeal to this court.

The evidence showed that at the time of the alleged offense James Lenox owned a farm in the county of Phelps upon which there was a brick dwelling house, in which he had sometime before lived with his family. That he moved from this house to Lacoma, Dent county, in March, 1893, and that it was not at the time

of the commission of the offense occupied as a dwelling by anybody. That when he harvested and threshed the wheat raised on the farm that year, he stored it away in the house and closed up all entrances thereto, by doors, windows, or otherwise. That on the night of October 25, 1893, defendant broke into the house, for the purpose of stealing wheat and was caught while therein with wheat in sacks, which he had taken there for the purpose of sacking it and carrying it away.

There are a large number of errors assigned for a reversal of the judgment, but it will only be necessary, we think, to pass upon a few of them in order to a correct disposition of the case.

It is not contended by defendant that the indictments charge him with the same offense, but his insistence is that his plea in bar raised an issue of fact, in this, that in the trial of the first case he was in jeopardy because of evidence essential to the trial of the case in hand. In other words, that while the indictments charged defendant with two separate and distinct offenses, the plea in bar showed that there was in truth and in fact but one, thereby presenting an issue which should have been submitted to a jury, and that the court committed error in its failure to so do.

As there is no statute in this state, as in others, authorizing the trial of such special pleas under the plea of not guilty, they must be specially pleaded. Kelley's Crim. Law and Practice, sec. 224; *Thomas v. Commonwealth*, 22 Gratt. 912.

"When one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other." *State v. Smith*, 43 Vt. 324.

A plea of guilty has the same effect as a verdict of conviction or acquittal, and verbal testimony is per-

missible for the purpose of showing that the offenses charged are one and the same, the burden of proof resting upon the defendant to sustain such plea.

The plea will not be good, however, where the conviction or acquittal was for a lower offense than that which the evidence showed the defendant to be guilty of, unless it be in case he was charged with, and put upon trial in a court of competent jurisdiction for, a higher grade of offense and acquitted or convicted of a lower grade. For instance, a person may be guilty of an assault with intent to kill, and convicted before a justice of the peace on the same facts for an assault and battery, as the former includes the latter, this would be no bar to a prosecution in the proper tribunal for the assault with intent to kill, that being a felony and the greater offense. But if indicted for felonious assault and convicted under the same indictment of an assault and battery only, this would be a bar to any further prosecution for the same offense.

Upon the issue presented by his plea, to wit, whether the defendant had theretofore been tried and acquitted of the identical offense charged against him in the indictment in the case at bar, he was entitled to have it submitted to a jury for their determination in the absence of anything showing that he waived that right.

But it is said that he offered no evidence in support of his plea, hence he must be considered as having abandoned it.

While it is true that he did not offer any evidence, it may be that he did not do so for the very reason that he was not afforded a trial by jury.

The next question is with respect of the sufficiency of the indictment. It is contended by defendant that it charges two different degrees of burglary in the same count, and that he is not informed by it of the nature of the offense charged against him. The indictment

avers that defendant "did feloniously break into and enter the dwelling house of J. M. Lenox there situate, by forcibly bursting and breaking the outer door of said dwelling house, the said dwelling house being then and there used and occupied by the said Lenox as a warehouse, the same being a building in which divers goods, wares and merchandise and valuable things were then and there kept for sale and deposit," etc.

By section 3521, Revised Statutes, 1889, it is provided that "every person who shall be. convicted of breaking into a dwelling house, with intent to commit a felony or any larceny, but under such circumstances as shall not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree." By section 3526, Revised Statutes, it is made a felony for any person to break into a warehouse in which there shall be any goods, wares, merchandise or other valuable thing kept or deposited with intent to steal or commit any felony therein. Dwelling house is defined by statute (sec. 3512, R. S. 1889) as follows: "Every house, prison, jail or other edifice, which shall have been usually occupied by persons lodging therein, shall be deemed a dwelling house of any person having charge thereof or so lodging therein; but no warehouse, barn, shed or other outhouse shall be deemed a dwelling house, or part of a dwelling house, * * * unless the same be joined to or immediately connected with and is part of a dwelling house."

Mr. Wharton in his work on Criminal Law [9 Ed.], section 781, says that, "the breaking and entering, to constitute a burglary, must bo ordinarily into the dwelling-house of another; that is to say, a house in which the occupier and his family usually *reside*, or in other words, dwell and lie in."

Mr. Bishop says, "A dwelling-house is the apart-

ment, building, or cluster of buildings in which a man with his family resides. * * * Not even the main structure is a dwelling-house, though built for one, unless it is what the law terms inhabited. And a dwelling-house may cease to be such without undergoing any change as a building. If, for example, the furniture is removed and it is temporarily abandoned to a carpenter for repairs, no one sleeping in it; or, if the former tenant has left, and it is waiting for another, a servant of the owner merely sleeping in it to protect some articles of furniture; its character as a dwelling-house is suspended." Statutory Crimes, secs. 278, 279.

Warehouse is a building in which goods are stored or deposited. It is only by implication, if it all, that the indictment avers that the house burglarized was a warehouse. It should have alleged in specific terms that it was a warehouse and thereby make that clear which seems to be left in doubt.

It will thus be observed that the breaking into a dwelling house with intent to steal is one offense, while the breaking into a warehouse with a similar intent·is an entirely separate and distinct offense, and so declared by different sections of the statute. It is therefore bad for duplicity in that it unites in one count two separate and distinct offenses. *State v. Shields*, 8 Black. 151.

Moreover, while the indictment charged that defendant feloniously and·burglariously broke into the dwelling house, it did not charge that he feloniously and burglariously broke into the warehouse, and in so far as the house last named is concerned, is bad for that reason.

The motion to quash should have been sustained.

The conclusion reached renders it unnecessary to pass on the other point made in the motion to quash,

as well also as to other points discussed by counsel for defendant in their brief. The judgment is reversed and the cause remanded. All of this division concur.

