State v. Williams.

---

THE STATE v. WILLIAMS, Appellant.

Division Two, October 31, 1899.

1. Jeopardy: FORGERY: UTTERING FORGED NOTE: MATTER FOR COURT. Where defendant who is herein charged with forging a certain note, offers as a plea in bar that he had previously been tried and acquitted of uttering and having in his possession said note, and to this plea the State demurs, its sufficiency as a plea is a question of law for the court.

2. ———: ———: ———: DEMURRER. Where a plea of former conviction or acquittal on its face shows the defendant is not indicted for the offense described in the special plea, a demurrer to the plea is the proper practice. And no error is committed in not submitting the sufficiency of the plea to the jury.

3. ———: ———: ———: DISTINCT OFFENSES. An acquittal of the charge of having uttered and having in his possession a forged note is not a bar to a subsequent trial under a different indictment charging the same defendant with having forged the note. The two indictments charge distinct and separate crimes. Being distinct offenses, neither is merely a degree of the other.

4. **Forgery**: INCORPORATION OF BANK. After verdict it is too late to question the incorporation of a bank which was named as payee in a forged note.

5. ———: INSTRUCTION: POSSESSION: PRESUMPTION. It is not error to instruct the jury that a defendant charged with forging a note, recently in possession thereof and attempting to sell it or obtain money thereon, is presumed to have forged the note, and unless such possession or forgery is satisfactorily explained the presumption becomes conclusive.

*Appeal from Scotland Circuit Court.*—HON. E. R. McKEE, Judge.

AFFIRMED.

SMOOT, MUDD & WAGNER for appellant.

(1) The plea of former acquittal filed by the defendant, should have been tried by a jury. It was a constitutional right which he had. State v. Huffman, 136 Mo. 58; State v. Hatcher, 136 Mo. 641. And this constitutional right can not be taken away by the court. Coffey v. U. S., 116 U. S. 436; Hunt v. State, 86 Ala. 604; 34 S. W. Rep. 943; 131 Mass. 773; 168 U. S. 48. (2) If any of the elements necessary to sustain the indictment, were tried in the first indictment, it is jeopardy. State v. Hesseltine, 130 Mo. 468; 11 Am. and Eng. Ency. of Law, 934; 4 Am. and Eng. Ency. of Law, 792. Now it was necessary in this case, in the first indictment, to prove the forgery, so it was in the second. State v. Huffman, *supra.* (3) When one offense is a necessary element in, and constitutes an essential part of another offense, and both are, in fact, but one transaction, the conviction or acquittal of the one, is a bar to the prosecution of the other. State v. Smith, 43 Vt. 324; State v. Huffman, 136 Mo. 62. In the case at bar, the forgery was an ingredient in both offenses, in which case he was put in jeopardy for the forgery. (4) Forgery that constitutes crime is such that would deceive an ordinary prudent person. State v. Warren, 109 Mo. 430. Hence,

State v. Williams.

the instruction, offered by the defendant and refused by the court, should have been given. (5) The corporate existence of the bank should have been proved. It will not be presumed. Bishop on Crim. Law (7 Ed.), sec. 543.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

(1) The plea set up by defendant may be more appropriately designated as a "plea in bar," though designated by his counsel as a plea in abatement. Stephens on Pleading, secs. 71 and 73; Schoonmaker v. Elmendorf, 10 Johns (N. Y.) 49; Nowland v. Geddes, 1 East. 634; Pickering v. Pickering, 19 N. H. 389; Hall v. Marks, 56 Ill. 125; Knapp v. Hoboken, 39 N. J. L. 394; 9 Ency. of Plead. and Practice 630; sec. 3953, R. S. 1889. A plea in bar may be termed a substantial and conclusive answer to the action. Stephens on Pleading, secs. 71 and 73. (2) Where the plea fails upon its face to show that the cause of action should not be maintained, or, as in this particular case, that the defendant had not previously been indicted, tried and acquitted for the particular offense then under consideration, a demurrer is the proper course to pursue, and when so shown, will be sustained by the court. State v. Purcell, 31 W. Va. 44; Stephens on Pleading, secs. 75 and 76; State v. Good, 70 Ga. 752; Com. v. Trimmer, 84 Pa. St. 65; State v. Gormerey, 37 Oh. St. 120. (3) In order for a former prosecution to be a good and valid plea in bar to the subsequent trial, it must appear that all the constituent elements of the one were involved in the other, and were directly and expressly adjudicated; and unless it be apparent that the defendant was previously tried for identically the same offense as the one for which he is now charged, the plea of former adjudication or former jeopardy will not be credited. State v. Andrew, 27 Mo. 267; State ex rel. v. James, 82 Mo. 509; 1 Bishop, New Crim. Law, sec.

1066; Wharton, Crim. Plead. and Practice, sec. 456; Com. v. Trimmer, 84 Pa. St. 69; Com. v. Morey, 108 Mass. 434; State v. Stuart, 11 Ore. 52. (4) There may be the same elements in the one that are contained in the other indictment; and to a certain extent the constituents may be identical, but all of the constituents which go to make the *corpus delicti* of the case at bar fall short of constituting the *corpus delicti* of the previous indictment. State v. Irvin, 7 Tex. App. 78; State v. Littlefield, 70 Me. 452; State v. Inness, 53 Me. 536; State v. Bridge, 30 Oh. St. 264. (5) One who is recently in possession and attempts to sell or obtain money on a forged note is presumed to have forged the same; and unless such possession or forgery is satisfactorily explained, the presumption becomes conclusive. State v. Allen, 116 Mo. 556; State v. Yerger, 86 Mo. 33; State. v. Burd, 115 Mo. 405; State v. Kelly, 73 Mo. 608.

GANTT, P. J.—At the August term, 1897, of the Scotland county circuit court, the defendant was indicted for forging a certain note for fifty dollars of the tenor following: "$50.00.                    Memphis, Mo., July 28th, 1897.

"One hundred and twenty days after date for value received we promise to pay to the order of the Scotland County National Bank of Memphis, fifty dollars at its banking house in Memphis, Mo., with interest at the rate of eight per cent per annum from maturity, payable annually, and if not so paid to become as principal and bear the same rate of interest.
                              "Robert Williams,
                              "Edward Butler."

Prior to the finding of this indictment defendant had been indicted in the same county at the preceding February term of said court for having feloniously had in his possession a certain false, forged and counterfeited promissory note of the same tenor of the one he is charged in this indictment with having forged, which said promissory note he sold and delivered to one Robert M. Barnes, with intent to have the same

uttered, passed and exchanged.   He was acquitted of that offense.

When the indictment in this last case was filed defendant filed a special plea in bar, in which he alleged that he was charged in said indictment with uttering the forged instrument therein described, knowing the same to be forged and pleaded not guilty thereto, and that thereupon afterwards the court ordered a trial of defendant on said indictment, a jury of twelve good and lawful men were duly impaneled, sworn and charged with the deliverance of defendant, who after hearing the evidence returned a verdict acquitting defendant of said charge.   He concluded his plea as follows:   "And the said Harry Williams in fact saith that he, the said Harry Williams and the said Harry Williams so indicted and acquitted as last aforesaid are one and the same person and not other and different persons, and that the felonious uttering, knowing the same to have been a forged note, as described in said indictment are one and the same forged instrument, charged in the present indictment, and not other and different notes; that in the present indictment to which he files this as a plea in bar or in abatement he is charged with forging the identical same instrument that he was charged with uttering, knowing the same to be forged, in the indictment on which he was tried and acquitted and no other or different instrument.   Wherefore he claims that he has been put in jeopardy for the said offense with which he is now charged in said prior indictment and of this he, the same Harry Williams, is ready to verify.   Wherefore he prays judgment and that by the court here he may be dismissed from said premises in the present indictment specified."   The plea was subscribed and sworn to by defendant.

Thereupon the State filed a demurrer to said plea, which is in words and figures, as follows:

"Now comes the plaintiff, by her prosecuting attorney and demurs to the plea in abatement filed in above cause by defendant, and for reason assigns:

"First:     The plea in abatement filed does not set up any defense to the charge against defendant, alleged in the indictment now against him.

"Second:     Said plea in abatement sets forth the fact that the defendant had heretofore been prosecuted and acquitted on a different and distinct charge and for a different and distinct offense from that charged in the indictment against him, and to which he now pleads in abatement."

The court sustained the demurrer to said plea, and denied defendant the right to have the same tried by a jury.

This action of the court presents the first question involved in this record.  Did the plea present anything more than a question of law?  Did the court err in refusing to submit it to a jury?

It is obvious that it simply pleads the record of defendant's acquittal of a criminal charge, and the demurrer of the State admits the existence of that record, but says conceding all that it shows, it is not a bar to the indictment in this case. Granting as we may freely do that when a plea of former conviction or acquittal tenders an issue of both law and fact that it should be tried by a jury, as in State v. Huffman, 136 Mo. 58, it does not follow that when as in this case the identity of the prisoner and the record of the former indictment, trial and acquittal are admitted by the State, that there is anything for a jury to pass upon. The legal efficacy of the record offered to sustain the discharge from the crime charged in this second indictment was solely a question of law which the court was bound to decide.

Bishop in his New Criminal Procedure, volume 1, section 816, sub-sections 4 and 5, says: "The question of identity, both of the parties and of the offense, being settled, the court determines as of law whether or not there has been a previous conviction or acquittal."   This must be so, for whether the second indictment charges the same offense as that set forth in the plea can be decided only by an inspection of the record and

it is the duty of the court to declare the legal effect of a record which is offered to sustain a plea of *autrefois acquit.* [State v. Rugan, 68 Mo. 214; Martha v. State, 26 Ala. 72; Com. v. Trimmer, 84 Pa. St. loc. cit. 70; Gormley v. State, 37 Ohio St. 120.]

In a word, it is the accepted doctrine, resting alike upon precedents and reason, that where a plea of former conviction or acquittal on its face shows the defendant is not indicted for the offense described in the special plea, a demurrer is the proper step.

No error was committed in not submitting the sufficiency of the plea to a jury.

II.   The vital question is, did the court decide the demurrer correctly?

At the base of this inquiry lies the guaranty of our Constitution, that "no person shall, after being once acquitted by a jury, be again; for the same offense, put in jeopardy of life or liberty."   Sec. 23, art. II, Constitution of Missouri (1875).

Section 3951, Revised Statutes 1889, provides:   "When a defendant shall be acquitted or convicted upon any indictment, he shall not thereafter be tried or convicted of a different degree of the same offense, nor for an attempt to commit the offense charged in the indictment, or any degree thereof, or any offense necessarily included therein, provided he could have been legally convicted of such degree or offense, or attempt to commit the same, under the first indictment."

In State v. Huffman, 136 Mo. loc. cit. 62, this court quoted with approval the following language of the Supreme Court of Vermont in State v. Smith, 43 Vt. 324: "When one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other."

These constitutional and statutory provisions are so explicit in and of themselves that little room is left for judicial

construction. The learned counsel for defendant relying upon these provisions assert that the forgery was an essential ingredient of the crime charged in the first indictment, and as it is the gravamen of the present indictment, they contend defendant was put in jeopardy the second time, having been acquitted under the first indictment.

Is this true? Is the offense charged in the first indictment the same as that charged in the present indictment, or is it a different degree of the offense charged in this one, or was it necessarily included in the former indictment?

The first indictment was drawn under and charged the crime denounced in section 3634, Revised Statutes 1889, or in other words it charged defendant with knowingly uttering a forged instrument.

This indictment charges an offense under section 3633, to wit, the forging of said instrument by the defendant himself. It stood admitted by the demurrer that the defendant in this case was the same person who was tried for uttering the forged note. It stood admitted, moreover, that this was the instrument he was charged to have uttered, knowing it was a forgery. This was clearly not an admission, however, that these two offenses were one and the same, or that one was a degree of the other, or that it was essential to the proof of the crime of uttering a forged instrument to have proved that defendant himself was the forger.

Under our statutes they are distinct and separate crimes. The Supreme Court of Arkansas in Ball v. State, 48 Ark. loc. cit. 102, said: "Forgery is one offense, and uttering a forged instrument as genuine, knowing it to be false and forged, is another and distinct offense. A party might be convicted of either without being guilty of the other."

The doctrine maintained in many of the States that counts for each of said offenses may be joined in one indictment and the State not compelled to elect, does not affect the question. [People v. McMillan, 52 Mich. 627; State v.

State v. Williams.

Wood, 13 Minn. 121; Buren v. State, 16 Lea (Tenn.) 61; State
v. McCormack, 56 Iowa, 585; State v. Snow, 30 La. Ann.
401; 1 Bishop New Crim. Law, sec. 1066.] Applying another
test: The facts alleged in this the second indictment, if proven
to be true, would not have warranted a conviction on the first
or the indictment for uttering a forged note. [Com. v.
Trimmer, 84 Pa. St. 69.] On the other hand, on the trial of
the first indictment, it was not essential to prove that defend-
ant forged the note. Proof of forgery by some other person
and his uttering the same knowing it was a forgery, was all
that was necessary. Being distinct offenses, neither is merely
a degree of the other.

Upon the whole we think the circuit court did not err in
sustaining this plea.

III. The objection as to the failure to prove the incor-
poration of the Scotland County National Bank, can not be
sustained. It was not necessary to prove the existence of the
bank by a certified copy of its charater. It was shown, with-
out objection, that there was such a bank, and that several of
the witnesses were its officers, and that the note was sold to its
cashier. After verdict it is too late to question the character of
the evidence introduced to show the existence of the bank.
The allegation was moreover not to defraud said bank, but
simply to defraud.

IV. Error is assigned on the instruction given by the
court to the effect that one who is recently in possession of and
attempts to sell or obtain money on a forged note is presumed
to have forged the same, and unless such possession or forgery
is satisfactorily explained, the presumption becomes conclu-
sive.

In State v. Allen, 116 Mo. loc. cit. 556, it was ruled that
the presumption arising from the possession of the fruits of
crime has with reason and propriety been indulged in prose-
cutions for forgery. The same considerations have actuated
the courts as obtained in larceny and burglary, in which the

recent possession of stolen property is *prima facie* evidence that the possessor is the thief and unless explained becomes a conclusive presumption of his guilt.    [State v. Kelly, 73 Mo. 608; State v. Burd, 115 Mo. 405; State v. Haws, 98 Mo. 188; State v. Yerger, 86 Mo. 33.]

Tested by these repeated rulings there was no error in the instruction.

V.    We have examined the other points raised by counsel, but they do not constitute reversible error.

Finding no error the judgment must be and is affirmed. SHERWOOD and BURGESS, JJ., concur.