State v. Laughlin.

## THE STATE v. LAUGHLIN, Appellant.

### Division Two, May 13, 1902.

Criminal Law: PLEA IN BAR: FORMER ACQUITTAL: ISSUE OF FACT: JURY TRIAL: WAIVER. A defendant who interposes in bar a plea of a former acquittal, the facts of which the State puts in issue by replication, is entitled to a jury trial on such plea, there not having been any waiver, under Revised Statutes 1899, section 693, which provides that a jury trial is only deemed waived by failing to appear at the trial, by written consent filed with the clerk, or by oral consent in court.

Appeal from Holt Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED AND REMANDED.

*Petree Bros.* and *Chas. F. Booher* for appellant.

The issues on the plea in bar should have been submitted to a jury. There is no record entry of an express waiver of that right, and defendant will not be held to have waived his right by implication. State v. Huffman, 136 Mo. 58; State v. Hatcher, 136 Mo. 641. In all the cases in our State which

appear to hold the contrary, the question passed on by the court is raised by demurrer, and goes to the sufficiency of the plea.    State v. Goddard, 162 Mo. 198; State v. Williams, 152 Mo. 115.    The right to a trial by jury is not a "mere statutory right" (as in State v. Gilmore, 95 Mo. 554), nor its denial a "mere irregularity" (as in State v. Waters, 62 Mo. 196), that may be waived by implication.. It is a constitutional right, and the waiver must be an express waiver entered of record.    State v. Meyers, 68 Mo. 266; State v. Vatre, 49 Mo. 269.    And this is true even in a civil case.    Cox and Slingsby v. Moss, 53 Mo. 32.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

By the defendant's submission of the questions involved in this plea in abatement to the court without· objection, he waives his right, if he ever had any, for the. jury to determine the same.    Where one has a right to a thing but does that which is inconsistent with the existence of that right or his intention to rely upon it, he is said to have waived it.    The statute which provides that all felony cases shall be tried by a jury does not require that a plea in abatement shall be tried by a jury.    Williams v. Railroad, 153 Mo. 487; State v. Gilmore, 95 Mo. 554; State v. Waters, 62 Mo. 196.    On 'the plea there was no evidence to submit to the jury, but here the only question was a question of law, and one for the court, and not a question of fact for the jury.    State v. Williams, 152 Mo. 115. · A plea in bar can raise two questions, a question of record and a question of fact.    The question of record is the indictment and acquittal or conviction; the question of fact that the defendant is the same person and the offense is the same.    The only evidence introduced under this plea was a question of record.    The question of fact that the defendant was the same person was admitted by the prosecuting attorney.

State v. Laughlin.

That left only the question of law for the court. Atkins v. State, 16 Ark. 568; Daniels v. State, 78 Ga. 98. The burden is upon the defendant, he having the affirmative. State v. Andrews, 27 Mo. 267; State v. Small, 31 Mo. 197. If the plea fails to state any reason why the defendant should not be tried again, no demurrer is necessary. Ellis v. State, 25 Fla. 702; State v. Small, 31 Mo. 197; Johnson v. Texas, 34 Tex. Crim. Rep. 15; Taylor v. State, 4 Tex. App. 29; Hite v. State, 9 Yerg. (Tenn.) 357.

SHERWOOD, P. J.—Indictment for embezzlement; conviction; sentence for two years, and appeal.

In State v. Huffman, 136 Mo. 58, it was ruled that where a plea in bar of a former acquittal is interposed, there the accused was entitled to a jury trial on such plea in bar. This ruling was followed in State v. Hatcher, Ibid, 641. The foregoing decisions announced the rule for this case, which presents a similar state of facts. Here the State put the facts set up in the plea directly in issue by its replication.

This case, therefore, does not at all resemble those where the plea in bar is adjudicated insufficient in law on demurrer thereto, as, for instance, in the cases of State v. Williams, 152 Mo. 115, and State v. Goddard, 162 Mo. 198.

And, under the provisions of section 693, Revised Statutes 1899, a jury trial is only deemed to be waived in the following cases:

"First, by failing to appear at the trial; second, by written consent, in person or by attorney, filed with the clerk; third, by oral consent in court, entered on the minutes." There is no such waiver here.

For the foregoing reasons, judgment reversed and cause remanded. All concur.