**STATE of Missouri,
Plaintiff-Respondent,**

v.

**J.C. JONES, Defendant-Appellant.**

**No. 13941.**

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 27, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 1985.

Application to Transfer Denied Feb. 18, 1986.

William L. Webster, Atty. Gen., Thomas Carter, II, Paul LaRose, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-appellant.

PREWITT, Chief Judge.

Defendant was charged with forgery under § 570.090.1(1), RSMo 1978, for having endorsed a check, for $928.70 payable to Mary Wood, so that it purported to have been endorsed by Mary Wood. Following jury trial he was convicted and sentenced as a persistent offender to 10 years' imprisonment. On appeal he presents two points relied on.

His first point states:

The trial court erred in denying Defendant's Motion for Judgment of Acquittal and Defendant's Motion for New Trial, because the State had not proved all of the elements of the crime charged, in that no evidence was presented at trial that the Defendant had written the endorsement of Mary Wood's name on the check as charged in the information and as the jury was required to find by the verdict director.

There was evidence that the endorsement was forged and that defendant had possession of the check and cashed it. In *State v. Gantt*, 504 S.W.2d 295, 300 (Mo.App.1973), the court stated "that the possession of and an attempt to pass a forged instrument raises a presumption that the person in possession forged it". See also *State v. Bailey*, 659 S.W.2d 559, 562 (Mo.App.1983) (this principle more properly described as creating an inference); *State v. Sanford*, 605 S.W.2d 219, 221 (Mo.App.1980) (recognizing principle but finding it immaterial to the charge of uttering a forged instrument).

Defendant acknowledges such decisions but states, "In spite of earlier court decisions, Defendant contends that it is unreasonable for the act of cashing a forged check to raise the inference that the possessor of the check forged it. Accordingly, Defendant contends that the evidence was insufficient to sustain his conviction."

As authority for its statement quoted above, *State v. Gantt* cites *State v. Pyscher*, 179 Mo. 140, 77 S.W. 836, 841 (1903), and *State v. Williams*, 152 Mo. 115, 53 S.W. 424, 426 (1899). These cases support the statement in *Gantt* and must be followed here. Decisions of the Missouri Supreme Court are controlling in this court. Mo. Const. art. V, § 2; *Estate of Seabaugh*, 654 S.W.2d 948, 957 (Mo.App. 1983). Based upon those decisions, the evidence was sufficient to support the conviction. Point one is denied.

Defendant's second point states:

The trial court erred in making a finding, over objection by the Defendant, after the jury retired to consider its verdict, that the Defendant was a persistent offender, because the finding prejudiced the Defendant in that it subjected him to increased punishment and in that it was made after the jury retired it was detrimental to the Defendant because the Defendant had not testified in order to pre-

vent the jury's sentence, if the Defendant was found guilty, from being influenced by knowledge of the Defendant's prior convictions and had the Defendant known the jury would not be asked to set punishment he would have testified to have increased his chance for a not guilty verdict.

■ Defendant is correct that the determination of whether he was a persistent offender should have been made before the cause was submitted to the jury. "In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of their hearing". Section 558.021.2, RSMo Supp.1984.

A hearing on the persistent offender issue was held on the morning of trial before the jury was impaneled. The trial judge did not make a finding then, apparently because he was going to examine and take judicial notice of certain records of the court regarding prior convictions of defendant. The jury was only instructed on the issue of guilt, not punishment. After the jury left to commence deliberations, the trial judge indicated that he was going to make a finding as to defendant's persistent offender status. Defendant objected to a finding being made at that time, but the court overruled the objection and found defendant to be a persistent offender.

*State v. Wynn,* 666 S.W.2d 862 (Mo.App. 1984), held that holding a hearing on the persistent offender issue, and finding that the defendant was a persistent offender forty-two days after a guilty verdict, on the day when the defendant would be sentenced, was error, but not reversible unless prejudicial. No prejudice was found. 666 S.W.2d at 865. We, likewise, find no prejudice here.

The objection made before the court's finding did not indicate the prejudice now claimed by defendant's ingenious counsel. That objection stated:

I would urge the Court not to make such a finding because I believe that the statute, the court rules, and Missouri case law holds that the finding must be made before the trial, and, since the Court did not make that finding in a timely manner I believe that it is now too late and accordingly I object to a finding at this stage in the trial that the defendant is a persistent offender.

That objection, by not referring to defendant's decision not to testify, along with another part of the record, convince us that the persistent offender determination was not a factor in defendant's decision not to testify. The record shows that prior to defendant resting, there was a discussion between defendant's counsel, defendant, and the judge, about defendant testifying. Defendant elected not to testify, apparently in part, because his credibility might be challenged by his previous convictions. There was no indication that his decision was or would be affected by the court's finding on the persistent offender issue. Had that been a factor, defendant's counsel could have asked the court for a ruling before defendant rested his case. No such request was made. Defendant's second point has no factual basis and is denied.

The judgment is affirmed.

CROW, P.J., and FLANIGAN and MAUS, JJ., concur.