STAFFORD BARNES v. THE STATE.

No. 2492. Decided December 18, 1901.

1.—Theft—Ownership—Misconduct of Jury.

On a trial for theft of cotton, where it became an issue as to whether the ownership of the cotton was properly and legally laid in the owner of the cotton yard and the court had submitted this issue in its charge, and while the jury

were deliberating about their verdict, and particularly as to this issue, one of the jurors cited a similar case of conviction within his experience, and stated what the district judge in that case had informed the jury on the subject; Held, the discussion of the case cited by the juror in support of his contention constituted such misconduct of the jury as required a reversal.

### 2.—Theft—Continuous Transaction—Charge.

On a trial for theft of two bales of cotton, neither of which was worth $50, and where it became an issue whether the two bales of cotton were taken at the same time and under circumstances constituting a single taking, it was error for the court to fail and refuse to leave the solution of this issue of the continuous transaction, to the jury under a proper charge. See concurring opinion of Davidson, P. J., for a discussion of continuous thefts.

Appeal from the District Court of Williamson. Tried below before Hon. R. L. Penn.

Appeal from a conviction of theft of two bales of cotton; penalty, five years imprisonment in the penitentiary.

The indictment alleged the ownership of the two bales of cotton in one L. F. Hurt. Hurt testified that one Turner and one Edrington each owned one of the stolen bales. That he was a cotton weigher, and had leased the cotton yard. That farmers brought their cotton to the yard to have it weighed; and that when it was left in the yard he took general oversight over it and issued a receipt for it simply to identify it. That the owner could sell his cotton in the yard and the purchaser come and take it out without presenting a receipt. When Turner and Edrington left their cotton in the yard, witness did not obligate himself to do anything except to look after it and see that it was not damaged; and he charged them nothing for this. He was not responsible for the cotton otherwise than as stated. The parties could take their cotton at any time without his knowledge or consent. "I did not stay at the cotton yard all the time. I made no agreement to be responsible for the cotton to either Turner or Edrington. The cotton in that yard was in my custody and possession. I kept watch on it to see that none was missing, and did all I could, in that way, to protect depositors."

*W. W. Nelms* and *Chessher & Wilcox,* for appellant.—The testimony of the State wholly failed to show such possession of the cotton stated in the witness Hurt as would constitute said Hurt a special owner of the cotton. Littleton v. State, 20 Texas Crim. App., 168; Doss v. State, 28 Texas Crim. App., 506; Frazier v. State, 18 Texas Crim. App., 434; Bailey v. State, 18 Texas Crim. App., 426; Clark v. State, 23 Texas Crim. App., 612; Thomas v. State, 1 Texas Crim. App., 289; Willis v. State, 44 S. W. Rep., 826.

When different articles of personal property are stolen from different owners and from different places, each taking is a separate and distinct transaction, and you can not add together the value of the different articles for the purpose of making the offense a felony. Willis v. State, 6 S. W. Rep., 859; Alexander v. State, 21 Texas Crim. App., 406; Cody v. State, 20 S. W. Rep., 398; Harris v. State, 14 S. W. Rep., 390; 1 Bish.

New Crim. Law, p. 1061; 1 Whart. Crim. Ev., p. 931; Holgin v. State, 6 Texas Crim. App., 542.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of two bales of cotton, and his punishment assessed at confinement in the penitentiary for a term of five years.

Appellant reserved a number of bills of exception to the misconduct of the jury; his contention being that it was a vital issue in the case as to whether or not Hurt, the owner of the cotton yard, was in possession of the two bales of cotton (that is, whether or not he had such actual care, control, and management of the cotton as to constitute the possession in him), and that while the jury were deliberating about their verdict, and particularly as to this issue, one of the jurors cited a similar case within his experience to the effect that he knew of two bales of cotton that belonged to two distinct owners left at a gin near Leander, and that it became a question whether or not the party could be prosecuted for theft of the property from the owner of the gin. The former district judge was referred to, and he informed them that a prosecution would lie, and the party was prosecuted for the theft of the two bales of cotton, ownership being laid in the owner of the gin, and the party was convicted. Now, it is claimed that the citation of this case and the discussion of this matter before the jury was such misconduct as was calculated to injure appellant, and properly so, as one of the jurors admitted that it had some influence with him. While, as we understand the evidence, the ownership was properly laid in the owner of the cotton yard, in whose possession the two bales had been left by the respective owners when they were taken, and this whether or not he was responsible to the owners in case of loss, yet an issue was made before the jury as to this question of special ownership, and the court charged on it; and we are not prepared to say that the discussion of the case cited by one of the jurors as illustrative of his contention may not have had its bearing on the jury in reaching a result on this proposition.

Appellant also contends that there were two separate takings of the cotton, and that the court ought to have given his requested charge on this subject; that appellant, at most, could only have been convicted of a misdemeanor in taking one bale. Referring to the statement of facts on this subject, we find that some of the facts were agreed to, and certain issues left to be determined by the testimony. Among these issues was whether the two bales of cotton, neither being worth as much as $50, were taken at the same time, and under circumstances constituting a single taking. Witness Hurt testified on this subject as follows: That he was the owner of the cotton yard, and the two bales (one belonging to Edrington and one to Turner) were taken out of his yard on the night of the 14th of June, 1901. That the two bales were not side by side when stolen. They were about thirty steps apart. The parties who stole

the cotton had driven up to the Edrington bale with a wagon and loaded it, as the wagon tracks went up to where it was. The Turner bale was moved or rolled about thirty steps, as was shown by its trail on the ground, from the north to the south part of the yard. Both bales could have been taken on the same night and on the same trip, but they could not have been lifted on the wagon at the very same moment by a single act. The court gave no charge on this subject whatever, and refused the charge requested by appellant. Now, if the proof was uncontroverted to the effect that the two bales of cotton were taken in one continuous transaction on the same night, then there would be no error in the court's action. What is a continuous transaction is sometimes of a complicated character, and there are a number of cases illustrative of what is such continuous transaction. Cody v. State, 31 Texas Crim. Rep., 183; Whart. Crim. Law, sec. 931, and cases there cited. In the view entertained by the writer, if appellant drove the wagon into the cotton yard on the night in question, and found two bales of cotton some thirty yards apart, and loaded one of said bales on his wagon, and then drove to the other or rolled the other to his wagon, and there loaded it, and then drove off with the cotton, this would constitute a continuous transaction; but if two separate trips were made for the cotton, though on the same night, these would be distinct thefts. In Cody's case, supra, almost this identical case is given as an illustration, as where seed cotton is in a field, and a wagon is driven to the fence, and the thief with a basket loads his wagon by a number of trips made to the cotton pile. This is said to be a continuous transaction, and to constitute one theft. Of course, if the value of each of said bales of cotton had been $50 or over, this question would not have arisen, because appellant would then have been interested in making the transaction only one theft; otherwise he would have been guilty of two distinct felonies. Under the proof in this case, we are not clear that the two bales of cotton were taken on the one trip. Turner says both bales could have been taken on the same night and on the same trip, but he does not distinctly state that they were so taken. We might infer that they were, but this inference, under a proper charge, should have been left to the jury for solution.

It is not necessary to discuss other errors assigned, but, for those discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE.—Concurring with the result, I desire to express some views with reference to the Cody case, 31 Texas Criminal Reports, 183, and Harris' case, 29 Texas Criminal Appeals, 101. These cases are authority that misdemeanors can not be added to or multiplied by each other so as thus to make a felony. The apparent exception is stated to be that when several things or articles in bulk are taken by continuous acts, there being an original purpose or impulse to take the whole, the act is one without regard to time. The illustration given is: A party at night drives a wagon to a fence, and carries cotton, basketful

at a time, from a pile in the field, some yards distant. This is not a real, but only an apparent, exception. As stated, the Cody case is correct. Asportation, under our law, is not necessary. When the thief begins the taking from the bulk with intent to take the whole, the theft of the whole is complete. The question of abandonment in whole or in part is not here discussed. Of course, the State must show the intent by the best evidence attainable. A failure to prove this original intent would not change the legal proposition. The law is one thing, and the evidence to prove its violation quite a different thing. But the Cody case limits this "continuous theft" to things or property in bulk, and carried away by piecemeal, under the original intent or purpose to take the whole. This is correct, under our statute, for thereunder each taking constitutes a distinct theft. So, the taking little by little from a bulk, if taken in pursuance of the original design, would be one theft. But it would be different thefts, unless the taking was in pursuance to the original intent or purpose to take the whole at the time the taking began. If the original purpose of the party was to take a basketful of the cotton, and then subsequently he conceived the idea of taking another basketful, these would be different thefts, because different takings under different intents and purposes. It may be troublesome and a much vexed question to tell what is the original purpose and intent under the facts in a given case, and it may sometimes be a serious question to know what is meant by property or things in bulk; but these troubles must be solved, and will not change the legal proposition evidently stated in the general definition of theft contained in the statute. So far as the question of ownership is concerned, any complication along this line can be avoided by simply charging in three counts the ownership in the real owner and possession in the special owner, and ownership only in the real owner and ownership only in the special owner. These three counts setting up ownership in these different ways would avoid all complications arising under the testimony. The writer's view of this matter is, taking the case as a whole and as presented, that there were two misdemeanors, instead of one felony. I concur in the reversal of the judgment.