### GUS PECK v. THE STATE.

#### No. 3755.    Decided June 24, 1908.

1.—Theft—Indictment—Duplicitous Pleading.

Where in theft the indictment charged that the defendant did then and there fraudulently take two bales of cotton from two different owners without their consent, etc., the same was not duplicitous. Davidson, Presiding Judge, dissenting.

2.—Same—Ownership—Insufficiency of Evidence—Possession.

Where the ownership of the alleged stolen property was alleged in M. and the proof showed that it should have been alleged in F., and that M. did not exercise such care and control over the said property as to show ownership or possession, which was in the actual possession and control of his renter F., the conviction could not be sustained.

3.—Same—Charge of Court—Penalty.

Upon trial for theft the court erroneously charged that the punishment for petty theft was not to exceed one year, instead of two years imprisonment in the county jail.

Appeal from the District Court of Guadalupe. Tried below before the Hon. M. Kennon.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*P. E. Campbell* and *Dibrell & Mosheim*, for appellant.—On question of insufficiency of indictment: Counsel cited Addison v. State, 3 Texas

Vol. 54 Crim.—6.

Crim. App., 40, and cases cited in opinion. On question of ownership and possession: Revised Statutes, arts. 3236 and 3239; Horseley v. Moss & Pennington, 5 Texas Civ. App., 341; Texas & Pacific Ry. Co. v. Bayliss, 62 Texas, 570; Tignor v. Toney, 35 S. W. Rep., 881; Rentfrow v. Lancester & Turner, 10 Texas Civ. App., 321. On question of erroneously defining punishment: Buford v. State, 44 Texas, 525; Petteway v. State, 36 Texas Crim. Rep., 97; Prinzel v. State, 35 Texas Crim. Rep., 274; Hargrove v. State, 33 Texas Crim. Rep., 165.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of insufficiency of indictment: This question was elaborately discussed and all the authorities reviewed in the case of Wilson v. State, 45 Texas 76, and have been followed by the Court of Appeals in an unbroken line of authorities from that day until this, commencing with the Quitzow case in 1 Texas Crim. App., 47, and followed in the Addison case in 3 Texas Crim. App., 40, and Hudson's case, in 9 Texas Crim. App., 151, and Adams case in 16 Texas Crim. App., 162, and also Wimberly case in 22 Texas Crim. App., 506, and in Wimberly's case it was there stated that the State cannot split up one act and make different offenses out of it; that the State can carve but one, and may take as big a slice as the facts may authorize, or as small, but when the carving has been once obtained, it ends all future prosecutions. It is but one act; it is but one offense, and the fact that the theft of the articles separately would be a misdemeanor, would not prevent an indictment and a successful prosecution for the conviction of the aggregate value of all the articles, and that the combined value would be a felony.

DAVIDSON, Presiding Judge.—The charging part of the indictment in this case is as follows: "Did then and there unlawfully and fraudulently take from the possession of Frank Pape one bale of lint cotton and did then and there fraudulently take from the possession of William McKay one bale of lint cotton, each bale of said lint cotton then and there of the value of $50, the said two bales of cotton being then and there respectively the corporeal personal property of and belonging one bale to the said Frank Pape and one bale to the said William McKay and without the consent of the said Frank Pape and without the consent of the said William McKay and without the consent of either of them and with the intent then and there on the part of him the said Gus Peck, to deprive the said Frank Pape and the said William McKay of the value of the same and to appropriate it to the use and benefit of him, the said Gus Peck." Contention is made that this is duplicitous in that it charges two separate and distinct offenses in the same count, there being no allegation of joint ownership, nor does the indictment allege that the said two bales of cotton were taken by the appellant at the same time and from the same place so as to constitute the taking one and the same act. The court overruled these exceptions and the ruling is presented as error. It has been held in many of the

States, and perhaps very generally, that where property of different owners is taken at the same time and place so as to constitute one act and one intent, that the indictment may allege these different takings in the same count, although the property may have been taken from different owners. But, as before stated, this taking must be such that it is the same act and the same intent at the same time and place. See Cody's case, 31 Texas Crim. Rep., 183; Harris case, 29 Texas Crim. App., 101; Barnes v. State, 43 Texas Crim. Rep., 355; 65 S. W. Rep., 922. In Addison's case, 3 Texas Crim. App., 40, an indictment was sustained where property of different owners taken at the same time wherein the indictment charged that the taking "was then and there one and the same act done at the same time and place, without the consent of the owner of said property," etc. If this indictment had gone further and charged that the two bales of cotten were taken at the same time and place as was charged in the Addison case, supra, it would have been sufficient, but under none of the authorities that have come under our observation has the indictment been held sufficient, unless the property was taken at the same time and place. The question came pointedly before the Supreme Court of Indiana in Joslyn's case, 128 Ind., 160. The indictment in Joslyn's case was very similar to the one in the case at hand. The court said: "The rule is well settled that duplicity is fatal upon a motion to quash," citing quite a number of authorities unnecessary here to recapitulate. Further, the court says: "Whether the pleading is double or not depends upon whether stealing the property of two different persons is prima facie one offense, or is it two distinct offenses. We do not here controvert the doctrine that there may be cases where the larceny of property belonging to different persons may constitute a single offense, as for instance, where it is all in one bundle or in one package, for it is unnecessary to do so, inasmuch as in such a case there is a single and indivisible act, and it may be a single crime. State v. Nelson, 29 Me., 329; 1 Hale P. C., 531; Clem v. State, 42 Ind., 420; Ben v. State, 22 Ala., 9. If the information alleged that the property of the two owners was stolen at the same time and by the same act, so that it could be affirmed that there was a single larceny, we should perhaps be able to sustain the information. But the difficulty that arises cannot be solved by assuming that there was a single act, unless, as a matter of law, it can be adjudged that the larceny of property belonging to different owners, committed on the same day, constitutes a single crime, for there are no facts alleged tending to show that there was one indivisible offense. As there is only a single count, we are not required to decide whether the larceny of property belonging to two different persons can, as a matter of law, be considered to constitute one offense, for no more than one offense can be properly charged in one count on an indictment or information, although different offenses may be charged in different counts." The common-law rule is thus stated by the Supreme Court of N. H., in Nelson v. State, 8 N. H. 163: "If one steal at the same time goods of A and also other

goods of B, they are distinct larcenies," citing 8 East Crown Law, 521. The Indiana court in Joslyn's case, supra, sums up as follows: "Without going into an examination of the decisions of other courts in detail, we cite, as sustaining the doctrine, that unless the transaction is indivisible and the same the offenses are distinct," citing Vaughn v. Commonwealth, 2 Va., Cases 273; Teat v. State, 53 Miss., 439; Burns v. People, 1 Parker Crim. C., 182; People v. Saunders, 4 Parker Crim. C. 196; Regina v. Morris, 10 Cox C. C., 480. In the case of the State v. Elder, 65 Ind., 282, it was said: "When the same facts constitute one or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution to a final judgment will not be a bar to the second, although the offenses were both committed at the same time and by the same act." The authorities sustaining the above proposition are numerous and it seems to be a well settled rule in Texas. One of the tests seems to be, especially in the criminal jurisprudence of this State, if the case is of such character as that a conviction or an acquittal could be plead for a second prosecution, then the taking of property of different owners could be alleged in the same indictment, but the test under the theory of jeopardy must be and is that it is the same act and intent. This has been discussed in a great number of cases by this court and in a number of cases prior to the creation and organization of this court, by our Supreme Court. If this indictment instead of charging as it does, had charged the theft of a bale of cotton from Pape in one indictment and the theft of a bale of cotton from McKay in another indictment and a conviction had occurred for the theft of Pape's property, could that conviction have been plead in bar of a prosecution for the theft of McKay's property? If so, they could have been properly joined in one count. So much for the general proposition. But the contention here is that in order to make this a good indictment, it should have been plead or alleged that the property was taken at the same time and place; that it is so generally alleged that it is not sufficient to show or state that it was one and the same act. If, as in the case put, the prosecution for the theft of Pape's property is for a different transaction or act from that of the theft of McKay's property, would a general allegation, as contained in this indictment, if plead as jeopardy, have been sufficient? We are inclined to the opinion that it would not have been sufficient. The allegation setting up the former conviction, acquittal or jeopardy, as the case may be, must be sufficiently specific to indicate on the face of the plea that the transaction was the same, the act and intent must co-operate and charge the same in both cases in order to justify the plea of jeopardy. If the acts were different, occurring at different times and different places, either or both of them, the jeopardy would not be sufficient. Certainly the indictment charging a man with the violation of the law ought to be as specific as the allegation in the plea of jeopardy or former conviction

or former acquittal. While we might infer that the pleader intended to charge that it was the same transaction, occurring at the same time and place and the same act, yet, it is but an inference and not an allegation. We are, therefore, of opinion that the indictment should have been more specific and should have alleged that the property was taken at the same time and same place. Under the authorities in this State, we are inclined to the view that this indictment is subject to the charge of duplicity in that, as stated, in the indictment two offenses are charged instead of one. The authorities in regard to duplicity in this State are found collated in White's Annotated Code of Criminal Procedure, section 383. The rule is there laid down that duplicitous matter will not be tolerated in the same count but different counts may be inserted in the same indictment which may contain repugnant matter. We are only discussing the matter of pleading and not matters of variance between allegations and the evidence in support of such allegations. We are of opinion, therefore, that an indictment charging the theft of property from different owners in the same count must be sufficiently specific to show that it was the same transaction, occurring at the same time and place. The law will not presume these matters unless alleged. Majority think the indictment sufficient. The writer thinks the indictment is vicious

Another question is suggested for reversal. The ownership of one of the bales of cotton is alleged in McKay. We are of opinion that this part of the indictment is not sustained by the facts. McKay testified that the cotton was raised by his renter, Geo. Frances, and that the first time he ever saw the bale of cotton was subsequent to the alleged theft at the compress in the town of Seguin. The cotton was raised some distance below that town in the southern part of Guadalupe County. He further testified that he had never had the bale of cotton in his possession before it was taken, unless by reason of the fact that it was raised on his place by his renter. He was then asked the question: "Q. You never had this particular bale of cotton in your possession, had you? A. No, sir, it was in the possession of the ginner." In fact, the evidence shows that Frances was a renter from McKay, had raised the cotton; had hauled it to the gin for the purpose of having it ginned. From the testimony, subsequent to having been ginned, and while lying in the cotton yard, the bale of cotton disappeared. McKay had never had possession up to the time, even of its having been hauled to the gin; it was in the possession of the renter, gathered by the renter and hauled to the gin by the renter. After the cotton was sold, it seems, that the contract was that the proceeds were to be divided between the renter and McKay. In Barnes' case, 43 Texas Crim. Rep., 355; 65 S. W. Rep., 922, this court sustained the allegation of ownership in the ginner under rather a similar state of facts, but in no event was McKay in exclusive care or management of the bale of cotton. He never saw it, unless he saw it in the field before it was ginned, but he had never seen the bale of cotton after it had been reduced to lint and pressed into

bale form. He was not there when the cotton was taken, under his own testimony. He seemed to have been taking a trip to a distant county about that time. If the ginner had exclusive control or management of it, the ownership should have been alleged in him. If, however, he did not exercise such care and control over it as to make him sufficiently the owner, under our statute of theft, then the allegation of ownership should have been in Frances, the renter. The court authorized a conviction under the allegations of ownership in the case. We think this was error. It is exceedingly doubtful that the bale of cotton alleged to have been in Pape was sufficiently traced and identified. This was recognized by the trial judge in that he charged the jury that if they did not so find, then he authorized a conviction for the theft of McKay's bale of cotton.

There is still another error assigned which is to the court's charge in which a conviction of appellant was authorized for a misdemeanor in that he charged the jury that if they should find appellant guilty of a petty theft they should assess his punishment at imprisonment in the county jail not exceeding one year, and by a fine not exceeding $500, whereas the punishment for a petty theft is not to exceed two years imprisonment in the county jail or a fine of $500. See White's Annotated Penal Code, article 870.

For the errors discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, Judge.—I should be inclined to think the indictment sufficient. The proof as to ownership and possession seems, under the decisions, to be insufficient.