PHIL G. DEUSER, Assessor of St. Louis County, State of Missouri, Appellant, v. ST. LOUIS COUNTY, MISSOURI; ARTHUR W. SCHMID, HENRY W. J. ROTT, and HENRY L. MUELLER, Judges of the County Court of St. Louis County, Missouri; and ROY McKITTRICK, Attorney General for the State of Missouri.—No. 38947.—188 S. W. (2d) 25.

Court en Banc, June 4, 1945.

*Walter Wehrle, Herbert W. Ziercher* and *A. E. L. Gardner* for appellant.

6

*Erwin F. Velter,* City Counselor of St. Louis County, for respondents.

BOHLING, C.—The question for determination is whether the assessor of a county having between 200,000 and 400,000 inhabitants and who has been paid his salary in full (Sec. 13528*) may retain

---

*References to statutes are to Revised Statutes, 1939, unless otherwise indicated.

as his own the fees (Sec. 11364) received by him from the State of Missouri (over and above the expenses incurred) for work performed in the assessing and collecting of the State income tax. Phil G. Deuser as Assessor of St. Louis county instituted the action against said County and appeals from an adverse declaratory judgment. We think the court ruled correctly.

The record shows that for the fiscal year June, 1941, to June, 1942, the Assessor, in addition to his salary of $8,750, under Sec. 13528, received $10,058.22 from the State of Missouri under Sec. 11364. He incurred expenses in performing said work aggregating $3,419.77. (Consult State ex rel. Buder v. Hackmann (Banc), 305 Mo. 342, 348(1), 265 S. W. 532, 534(1, 2)). The dispute between the Assessor and the County is over the balance: $6,638.45.

The Assessor stresses Sec. 11364 a section of the article on "Taxation of Incomes" (Art. 21, Chap. 74), providing:

"Assessors and collectors shall be compensated in like manner and in like amounts as for the assessments of other taxes: *Provided,* that in counties in which the assessors and collectors are paid a fixed salary, that in addition to the salary paid, they shall be permitted to charge for work performed in the assessing and collecting of the income tax, as provided by this article, the same fees as are charged by assessors and collectors whose salary is not fixed by law, and which fees so charged by said assessors and collectors for services rendered in assessing and collecting income tax shall be paid by the state."

Section 10996 of Art. 2 of Chap. 74 makes provision for the compensation of assessors with respect to "other taxes."

Section 11364 originated in 1917 as Sec. 19 of Senate Bill 415 (Laws 1917, p. 524), reading: "Assessors shall be compensated in like manner and in like amounts as for the assessment of other taxes." In 1919 certain sections of said Act were repealed ██ and new sections enacted in lieu thereof (Laws 1919, p. 721, Sec. 19), resulting in said section reading as now (Sec. 11364, supra).

The County stresses Secs. 13528 and 13537 (sections within Art. 9 of Chap. 99) and Sec. 13 of Art. 9 of the Missouri constitution. Section 13528 specifies the annual salaries for enumerated county officers; providing $8,750 for the Assessor. Said Sec. 13537 reads:

"All the salaries mentioned in section 13528 shall be in full of all services rendered by virtue of said officers and said annual salaries shall be paid in equal monthly installments out of the county treasury of said county. None of the officers or their employees hereinabove enumerated shall retain any fees, fines, costs, commissions, penalties or charges collected by virtue of their office under the laws of this state but all the fees, fines, costs, commissions, penalties or charges shall be paid into the county treasury and they shall be the property of said county. The county court of said counties shall determine by proper order when the fees, fines, costs, commissions, penalties or

charges so collected by said officers shall be paid and turned over to the county treasury and how to be accounted for, and the county court shall require a sworn statement by said county officer or officers showing the items collected in detail, their source, character and the aggregate amount thereof, and shall require a copy of said sworn statement to be filed in the office of the comptroller of said county."

We think the court nisi, although the point is not expressly stressed here, must have considered that the provisions of Art. 9 of Chap. 99 (Secs. 13528-13538) supplanted the provisions of Sec. 11364 (as well as the provisions of Art. 2 of Chap. 74, relating to assessors and the assessment of property generally) in so far as involved in this proceeding. Said Art. 9 was first enacted in 1939 (Laws 1939, p. 679), some twenty years after the enactment of Sec. 11364, and sought to establish the salaries of county officers in counties of between 200,000 and 400,000 inhabitants. Readily apparent inconsistencies and conflicts existed between the provisions of said Art. 9 and the then existing statutes. Our concern is with conflicts involving charges for work connected with the State income tax by the assessor. Law should be harmonious. No one would know what the law is if inconsistent and conflicting statutes be regarded as having equal force. Their administration, if possible, would result in intolerable situations. The General Assembly passed said Art. 9 after due deliberation and with full knowledge of the existing laws on the same subject. The article evidences a legislative intent to put the mentioned officers on a stated salary basis. For instance, the title* informed the law-maker it was: "An Act fixing the salaries of county officers in" specified counties; "providing . . . for the payment by the State to the county of fees earned by . . . the Assessor . . . providing for the disposition of excess fees or commissions, and providing for all salaries of county officers and employees to be in full and in lieu of all other fees, commissions and emoluments." The provisions of Art. 2 of Chap. 74 (Secs. 10943-11000, relating to the duties, salaries et cetera of assessors generally) and of Sec. 11364 under review are general in their nature. They, under their express terms, apply to all assessors. The provisions of Art. 9 of Chap. 99 are of limited application. In-

---

*The title of the act, in so far as bearing on the issue here, read:
"An Act fixing the salaries of county officers in counties which now have or which may hereafter have a population of not less than 200,000 or more than 400,000 according to the last Federal Decennial census, fixing the time and method of payment, providing for method of paying board of county prisoners, for the payment by the State to the county of fees earned by the County Clerk, the Collector of Revenue, the Assessor, the Sheriff, the Treasurer, the Circuit Clerk, the Recorder of Deeds and the Coroner of said county, fixing their duties and providing for the disposition of excess fees or commissions, and providing for all salaries of county officers and employees to be in full and in lieu of all other fees, commissions and emoluments. . . ."

consistences and conflicts between said Art. 9, on the one hand, and said Art. 2 of Chap. 74 and Sec. 11364, on the other, were known to the General Assembly and Sec. 13538 provided in general terms for the repeal of "all laws, or parts of laws inconsistent or in conflict with any provisions" of said Art. 9. The laws so far as here involved relate to the same subject matter and have the same purpose—the compensation of assessors of specified counties. The enactment of said Art. 9 created a new, entire, and independent system with respect to the salaries of assessors in the specified counties. Repeals by implication are not favored, but here the General Assembly considered the new article superseded all previous systems and laws respecting the same subject matter and gave expression to that understanding.

Section 13537 (quoted supra) is in full accord with the title of the Act. Its first sentence makes the salaries mentioned in Sec. 13528 "in full of all services rendered by virtue of said offices." This is in harmony with the statement in the title (see Mo. Const. Art. 4, Sec. 28) of the Act (Laws 1939, p. 679) that the salaries therein provided for are "to be in full and in lieu of all other fees, commissions and emoluments." No fee, commission or emolument is excepted in the title. None is excepted in the body of the Act. All fall within the very general provisions of the second sentence of Sec. 13537 which provide that no officer named in Sec. 13528 shall retain "any fees . . . collected by virtue of their office under the laws of this state"; which is immediately followed by the additional requirement that "all fees . . . shall be paid into the county treasury" and to forestall misunderstanding concerning the fees et cetera, the sentence concludes "and they shall be the property of said county." The theory that fees collected by public officers are the property of the State to be disposed of at its pleasure is not new in Missouri. See State ex rel. Saline County v. Price, 296 Mo. 121, 129, 130, 246 S. W. 572, 574. With these general provisions in the Act, causing it to conform to its title, the omission to specifically mention Sec. 11364 or its provisions in Sec. 13530 (placing certain duties on the assessor with respect to fees accruing under Art. 2 of Chap. 74 in connection with their payment to the county treasurer) does not permit of a different construction; even though Sec. 13531 (with respect to the collector) and Sec. 13532 (with respect to the clerk) contain specific reference to the fees mentioned in Sec. 11364 as in each instance the specified section harmonizes with the general provision of Sec. 13537 and the title of the Act. Any different construction to sustain the contention of the Assessor would cause the Act to be out of harmony with its title insofar as the Assessor is concerned while in complete harmony therewith as to all the other enumerated county officers. State ex rel. McKittrick v. Carolene Products Co. (Banc), 346 Mo. 1049, 1059, 144 S. W. 2d 153, 156; State ex rel. Equality Sav. & Bldg. Ass'n v. Brown (Banc), 334 Mo. 781, 787, 68 S. W. 2d 55, 58 (4-7) ; Gilkeson v. Missouri

Pac. Ry. Co., 222 Mo. 173, 205, 121 S. W. 138, 148, 24 L. R. A. (N. S.) 844, 17 Ann. Cas. 763; State v. Mangiarcina, 344 Mo. 99, 103(1), 125 S. W. 2d 58, 60(1, 2); Schott v. Continental Auto Ins. Underwriters, 326 Mo. 92, 100, 31 S. W. (2d) 7, 11(1).

We cannot sustain the Assessor's statement that the phrase "by virtue of their office under the laws of this state" in Sec. 13537 limits the application of said general requirement with respect to fees et cetera to the fees mentioned in Art. 2 of Chap. 74, relating to assessors generally, and that the fees mentioned in Sec. 11364 and here involved are not within said provisions of Sec. 13537 as the assessor•is acting as an agent for the State under Sec. 11364, because: The State also pays for the work performed by assessors under Art. 2 of Chap. 74 inuring to its benefit. (Consult Secs. 10996, 10997.) Assessors are as much the agents of the State in the one instance as in the others. The fact that one provision is in one Article and Chapter and the other provision in another Article and Chapter is not controlling. Each had been in existence for a number of years prior to the enactment of Sec. 13537 and each stands modified by the later enactment insofar as either conflicts therewith. In addition, Sec. 18 of Art. 9 of the Missouri Constitution provides, with respect to counties having more than 200,000 inhabitants, that "no person shall, at the same time, be a state officer and an officer of any county . . ." We hold that assessors earn and charge the fees mentioned in Sec. 11364 "by virtue of their office under the laws of this state;" i. e., by virtue of the office of county assessors.

What we have said makes unnecessary any discussion of the constitutional issue presented by the County.

The case does not turn on the power of the General Assembly in given instances to increase the compensation of a public officer during the term for which he was elected. A number of the cases relied upon by the assessor are on that issue. They are not controlling.

The judgment is affirmed.

 PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the Court en Banc. All concur.