**54** ■

**Godfrey PAYNE and Albert Richardson, Appellants,**

v.

**FAR–MAR–CO., Respondent.**

**No. WD 31299.**

Missouri Court of Appeals, Western District.

Feb. 2, 1981.

Alden S. Lance, Savannah, for appellants.

R. A. Brown, St. Joseph, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and TURNAGE, JJ.

PRITCHARD, Presiding Judge.

The issue is what statute of limitations is applicable to a written contract for the sale of approximately 4,009 bushels of soybeans. The trial court sustained respondent's motion to dismiss upon the therein pleaded ground that § 400.2–725, RSMo 1969, barred appellants' action.

Appellants pleaded that on or about August 8, 1972, they entered into the written grain purchase contract with respondent, whereby they agreed to furnish and deliver the soybeans between January 1 and the month of March, 1973, and that they did deliver the grain within the time limits specified, but respondent "deliberately and willfully fails and refuses to pay the same." The prayer was for $13,029.51, and interest from April 1, 1973, and for costs. The petition was filed April 6, 1979.

§ 400.2–725, enacted L.1963, p. 547, § 2.725, provides "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  * * * "

Appellants contend that the ten year statute, § 516.110, applies, arguing, "If a writing is susceptible to construction on its face that it contains a promise to pay money to a party, the Ten Year Statute of Limitations applies, even though the precise sum may be contingent and must be shown by an extrinsic evidence after the promise has been made." § 516.110 is: "Within ten years: (1) An action upon any writing, whether sealed or unsealed, for the payment of money or property;  * * *." It was last revised, R.S.1939, § 1013.

What the Legislature has here done is to carve out óf § 516.110 a special statute of limitations relating to a contract for the sale of goods from the former general limitation of ten years within which actions must be brought on writings for the payment of money or property. The newer statute, § 400.2–725, specifically relates to actions brought upon any contract for sale, and the purposes of the enactment are stated in the comment thereafter following [also in 1A ULA, UCC, § 2–725, pp. 524, 525]: "To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period." The later statute, § 400.2–725, dealing in a more minute way, i. e., relating to contracts for sale, than the earlier statute which related to all contracts in writing for the payment of money, must be regarded as an exception to, or a qualification of, the earlier general statute. Cf. *State v. Mangiaracina* et al., 344 Mo. 99, 125 S.W.2d 58, 60[1–4] (1939); *State ex rel. City of Springfield v. Smith*, 344 Mo. 150, 125 S.W.2d 883, 885[5–8] (Mo. banc 1939). See also § 516.300 which provides: "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; * * *." § 400.2–725, of course, applies to an action (contract for sale) otherwise limited. The trial court did not err in dismissing appellants' action because of the bar of § 400.2–725.

The judgment is affirmed.

All concur.